

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Dana J. Boente  
United States Attorney

2100 Jamieson Avenue  
Alexandria, VA 22314

(703) 299-3700

March 26, 2015

Tony Miles, Esq.  
Federal Public Defender's Service  
625 Indiana Ave. NW  
Suite 550  
Washington, D.C. 20004  
tony_miles@fd.org

**FILED**

**MAR 3 1 2015**

Clerk, U.S. District and
Bankruptcy Courts

Re:   **Plea Offer in U.S. v. Brad Rudolph Rossman 1:15MJ-00-84**
                                                        1:15CR00040

Dear Mr. Miles:

This letter sets forth the full and complete plea offer to Brad Rudolph Rossman (hereinafter referred to as the defendant), from the Office of the United States Attorney for the Eastern District of Virginia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires after the next hearing, which is currently scheduled for March 30, 2015. However, the Government reserves the right to revoke this plea offer at anytime before the defendant enters a guilty plea before the Court in this case. If the defendant accepts the terms and conditions of this offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement ("this Agreement"). The terms of the offer are as follows:

1.   **Charges and Statutory Penalties**

The defendant agrees to plead guilty to Count Two of a Criminal Information charging him in Count One with Transmitting Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c), and in Count Two with the misdemeanor offense of Attempted Threats, in violation of 22 D.C. Code, § 407, 1803. Count One carries a maximum penalty of five years imprisonment, a fine of up to $250,000, or both, and a three year period of supervised release. Count Two carries a maximum penalty of 180 days imprisonment, a $1000 fine, a special assessment of up to $250.00, and up to 5 years of probation.

2.   **Factual Stipulations**

The defendant agrees that the attached "Statement of Offense" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty.

3.      **Additional Charges**

In consideration of the defendant's guilty plea to the above offense, the defendant will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss Count One of the Criminal Information in this case at the time of sentencing. The Government and the defendant will request that Court case 2014CMD019054 which is currently pending in Superior Court for the District of Columbia be continued until the sentencing date in this case. The government agrees to dismiss case 2014CMD019054 at the time of sentencing in this case. The defendant agrees and acknowledges that all of the charges to be dismissed at the time of sentencing were based in fact, and the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119, Title VI (Nov. 26, 1997), and will not file any claim under that law.

4.      **Agreement as to Sentencing Allocution**

The parties agree to jointly request at the time of the plea hearing that the United States Probation Office be ordered to prepare the Presentence Report in an expedited manner in order to permit the defendant to be sentenced more quickly. The government reserves the right to review the Presentence Report before making a sentencing recommendation. If no further criminal activity (i.e., new convictions that are unknown to the government) is revealed in the Presentence Report, and if the defendant does not engage in new criminal activity prior to sentencing, the government agrees to recommend that the defendant be sentenced to ⁗ months of incarceration, with the execution of the sentence suspended all but time served, to be followed by a two year period of federal probation.

5.      **Reservation of Allocution**

The Government and the defendant reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of the defendant's misconduct, including any misconduct not described in the charges to which the defendant is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any sentence outside the recommendation of the parties based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

6.      **Court Not Bound by this Agreement**

The defendant understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). The defendant further understands that the sentence to be imposed is a matter solely within the discretion of the Court. The defendant acknowledges that the Court is

not obligated to follow any recommendation of the Government at the time of sentencing. The defendant understands that the Government's recommendation is not binding on the Court.

The defendant acknowledges that the defendant's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the Court not follow the Government's sentencing recommendation. The Government and the defendant will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by the defendant to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

### A.   Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### B.   Waiver of Trial Rights

The defendant represents to the Court that the defendant's attorney has rendered effective assistance. The defendant understands that by pleading guilty in this case the defendant agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. The defendant agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of the defendant's guilty plea. The defendant also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, the defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against the defendant, to compel witnesses to appear for the purpose of testifying and presenting other evidence on the defendant's behalf, and to choose whether to testify. If there were a jury trial and the defendant chose not to testify at that trial, the defendant would have the right to have the jury instructed that the defendant's failure to testify could not be held against the defendant. The defendant would further have the right to have the jury instructed that the defendant is presumed innocent until proven guilty, and that the burden would be on the United States to prove the defendant's guilt beyond a reasonable doubt. If the defendant were found guilty after a trial, the defendant would have the right to appeal the defendant's conviction. The defendant understands that the Fifth Amendment to the Constitution of the United States protects the defendant from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, the

defendant knowingly and voluntarily waives or gives up the defendant's right against self-incrimination.

The defendant acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under these rules in the event the defendant withdraws the defendant's guilty plea or withdraws from this Agreement after signing it. The defendant waives any right to claim that statements made before or after the date of this Agreement, including the Statement of Offense accompanying this Agreement, can be excluded under Rule 410 and Rule 11(f), or any other provision of the Constitution or federal law.

The defendant also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. The defendant understands that the date for sentencing will be set by the Court.

### C. Waiver of Appeal Rights

The defendant understands that federal law, specifically, 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. The defendant agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, forfeiture, award of restitution, term of probation, and the manner in which the sentence was determined, except to the extent the Court sentences the defendant above the statutory maximum, in which case the defendant would have the right to appeal the illegal sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, the defendant is aware that the defendant's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, the defendant knowingly and willingly waives the defendant's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### D. Waiver of Collateral Attack

The defendant also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that the defendant received ineffective assistance of counsel in entering into this Agreement or in connection with sentencing. The defendant reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2).

### E.     Waiver of Privacy Act and FOIA Rights

The defendant also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 7.     Breach of Agreement

The defendant understands and agrees that, if after entering this Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

The defendant understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. The defendant understands and agrees that the Government reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, the defendant will not be allowed to withdraw the defendant's guilty plea.

### 8.     Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing

and signed by the defendant, defense counsel, and an Assistant United States Attorney for the Eastern District of Virginia.

The defendant further understands that this Agreement is binding only upon the U.S. Attorney's Office for the Eastern District of Virginia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant. The defendant understands that the U.S. Attorney's Office for the District of Columbia has been conflicted out of this case and cannot prosecute the defendant for the conduct underlying this Agreement.

If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing this Agreement and the Statement of Offense.

Sincerely yours,

*[signature]*
DANA J. BOENTE
United States Attorney
Eastern District of Virginia

By: *[signature]*
Patricia Haynes
Special Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with Tony Miles, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by Mr. Miles in connection with this Agreement and matters related to it.

CARROLL

BRR
3/31/15

Date: 3/30/15

_____
Brad Rudolph Rossman
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with Brad Rudolph Rossman and fully discussed the provisions of this Agreement with him. These pages accurately and completely set forth the entire Agreement. I concur in his desire to plead guilty as set forth in this Agreement.

Date: 3/30/15

_____
Tony Miles, Esq.

3-31-15

Mark J. Carroll

Mark J. Carroll